NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICARDO JALIL,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY ATTORNEY G. *et al.*,<br><br>    Defendants. | No. 24cv1055 (EP) (LDW)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Ricardo Jalil's application to proceed *in forma pauperis* ("IFP"), D.E. 1-1, with respect to his Complaint, D.E. 1, filed against Defendants State of New Jersey Attorney G., U.S. Attorney General, Avdel Corp., and Department of Labor and John Storchaj (A.A.A.), State of New Jersey Unemployment Susan Gibson (Examiner), Arnold S. Cohen, and David W. Garland (P.A.).

"The IFP statute, 28 U.S.C. § 1915, 'is designed to ensure that indigent litigants have meaningful access to the federal courts.'" *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Whether to grant an IFP application falls within a district court's discretion. *See, e.g., Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010). "In determining whether a litigant is eligible for IFP status, [a district court] may consider [the litigant's] income, expenses, and assets, including the value of [his] property, such as cars and houses." *Yachimiak v. Comm'r of Soc. Sec*, 2018 U.S. Dist. LEXIS 50737, at *1 (D.N.J. Mar. 26, 2018).

While a litigant need not prove that he is "absolutely destitute" to proceed IFP, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948), district

courts typically deny IFP applications if paying the filing fees would not deprive a litigant of the "necessities of life." *See, e.g.*, *Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 124 (3d Cir. 2013) (denying IFP application for litigant with minimal monthly income and spouse, who provided "necessities of life"); *Roberts v. Township of Horsham*, 1994 U.S. Dist. LEXIS 10031, at *2 (E.D. Pa. July 19, 1994) (denying IFP application for litigant holding real estate valued at $130,000.00).

Here, Plaintiff's IFP application indicates that he has a monthly income of $3,794.00;[1] has $1,200.00 in his checking account; owns real estate valued at $700,000; and owns four vehicles valued at $69,000. D.E. 1-1 at 2-3. Additionally, while several expenses are listed in his IFP application, Plaintiff provides that his total monthly expenses are $0.00. *Id.* at 4-5. Because Plaintiff has failed to show that he is unable to pay the filing fee, the Court will deny his IFP application. *See, e.g.*, *Taylor v. Skeete*, 2023 U.S. Dist. LEXIS 185155, at *1-2 (D.N.J. Oct. 16, 2023) (denying IFP application where plaintiff had monthly income, checking accounts, and held property assets, which demonstrated her ability to pay the filing fee).

For the reasons stated above,

**IT IS**, on this **19th** day of **March** 2024;

**ORDERED** that Plaintiff Ricardo Jalil's IFP application, D.E. 1-1, is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** Defendant Arnold S. Cohen's (P.A.) motion to dismiss, D.E. 5; and it is further

---

[1] And that his spouse has a monthly income of $844. D.E. 1-1 at 2

**ORDERED** that Plaintiff Ricardo Jalil may have this matter reopened, if, within thirty (30) days of the date of this Memorandum Order, Plaintiff pre-pays the filing fee; and it is further

**ORDERED** that the Clerk of the Court shall reopen this matter upon receipt of the filing fee from Plaintiff Ricardo Jalil; and it is finally

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Order to Plaintiff Ricardo Jalil by regular U.S. mail.

 3/19/2024
Date

Evelyn Padin, U.S.D.J.

3