<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICARDO JALIL,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY ATTORNEY GENERAL, *et al.*,<br><br>    Defendants. | No. 24cv1055 (EP) (LDW)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Ricardo Jalil ("Plaintiff" or "Jalil") brings this civil rights case relating to employment litigation which Jalil commenced in December 1986. D.E. 1 ("Complaint" or "Compl."). Jalil names a series of Defendants: "State of New Jersey Attorney G[eneral]," "U.S. Attorney General" ("USAG"), "Avdel Corp." ("Avdel"), "Department of Labor and John Storchaj (A.A.A.)," State of N.J. Unemployment & Susan Gibson," "Grotta, Glassman, & H[offman, P.A.]," "Arnold S. Cohen" ("Cohen") and "David W. Garland (P.A.)" ("Garland") (collectively "Defendants").

Cohen, Garland, Avdel, and USAG now move to dismiss the Complaint. D.E.s 11-1 ("Cohen Mot."), 15-1 ("Garland Mot."), 16-1 ("Avdel Mot."), 38-1 ("USAG Mot."). The Court decides the motions without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78(b). The Court will **GRANT** the motions to dismiss and **DISMISS** the Complaint ***with prejudice***.[1]

---

[1] Jalil also filed a motion for summary judgment. D.E. 22. Since the Court will dismiss the Complaint with prejudice, Jalil's summary judgment motion will be denied as moot.

I.   BACKGROUND[2]

   A.   The 1986 and 1987 Cases

This case traces back to December 1986, when Jalil filed the first of two *pro se* employment discrimination complaints in this District. *Jalil v. Avdel Corp.*, No. 86cv4878 (D.N.J. 1986) (the "1986 Case"). There, Jalil alleged that Avdel violated Title VII of the Civil Rights Act of 1964[3] ("Title VII") by terminating his employment due to his national origin and that Avdel retaliated against him for filing discrimination charges with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division of Civil Rights ("NJDCR"). D.E. 15-2-3 ("Garland Cert"), Ex. A ("1986 Complaint"). Judge Debevoise granted Avdel's motion for summary judgment in the 1986 Case and dismissed the case. *Id.*, Ex. B ("1986 Summary Judgment Opinion"). Jalil appealed. *Id.*, Ex. C.

In November 1987, Jalil filed a second *pro se* employment discrimination case in this District asserting the same Title VII claim. *Jalil v. Avdel Corp.*, No. 87cv4457 (D.N.J. 1987) (the "1987 Case"); Garland Cert., Ex. D ("1987 Complaint"). Avdel moved for summary judgment based on *res judicata*, and Judge Ackerman granted the motion and dismissed the case. Garland Cert., Ex. E. Jalil appealed again. *Id.*, Ex. G. The Third Circuit consolidated both appeals. *Id.*[4]

In February 1989, the Third Circuit reversed the summary judgment granted in favor of Avdel on the retaliation claim in the 1986 Case and remanded back to the District Court. *Id.*, Ex.

---

[2] The facts in this section are taken from the public record and the well-pled factual allegations in the Complaint, the latter of which the Court presumes to be true for purposes of resolving the motion to dismiss. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] 42 U.S.C. §§ 2000e *et seq.*
[4] On March 31, 1988, before the appeals were consolidated, the Third Circuit appointed Douglas S. Eakeley, Esq. of Riker Danzig to represent Plaintiff on appeal of the 1986 Case. *Id.*, Ex. F. The Complaint does not state Garland's role but, according to Garland, he was an associate at Riker Danzig at the time and was assigned to work on the appeals. Garland Cert. ¶¶ 6, 9.

2

H.  The Third Circuit vacated the summary judgment in the 1987 Case.  *Id.*[5]  Avdel prevailed at a bench trial in the 1986 Case and, on October 4, 1991, Judge Debevoise ordered that final judgment on all of Jalil's claims in that case be entered on behalf of Avdel.  *Id.*, Ex. K.

### B. The 2002 Case

In September 2002, Jalil filed yet another *pro se* Complaint titled "Petition Justifying Relief" alleging a conspiracy to deprive him of his civil rights arising out of the 1986 Case.  *Jalil v. Avdel Corp. et al.*, No. 02cv4285 (D.N.J. 2002) (the "2002 Case"); Garland Cert., Ex. Q.  On January 22, 2003, the Court granted a motion to dismiss filed by Riker Danzig and Garland.  Garland Cert., Ex. R.  Plaintiff appealed and the Third Circuit dismissed the appeal as untimely.  *Id.* Ex. T.  Jalil petitioned the Supreme Court for a writ of certiorari and for leave to proceed *in forma pauperis*.  *Jalil v. Avdel Corp., et al.*, No. 04-7799 (U.S. 2004).  On February 28, 2005, the Supreme Court denied Jalil's motion to proceed *in forma pauperis*.  *Id.*  As of April 21, 2005, the Supreme Court considered the case closed.  *Id.*

### C. The 2024 Case

Approximately 20 years later, Jalil returned to again allege civil rights violations stemming from the 1986 Case and 1987 Case.  *See generally* Complaint.  The Court construes the Complaint as attempting to assert the following causes of action: (1) violations of the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983; (2) conspiracy to interfere with civil rights in violation of 42 U.S.C.

---

[5] A review of the 1987 Case docket appears to show that no further action was taken to prosecute the case following the Third Circuit's remand.  *See generally* 1987 Case.

3

§ 1985(3); (3) violation of Title VII; (4) New Jersey employment discrimination under N.J. Stat. Ann. § 10:5-12; and (5) New Jersey common law legal malpractice.[6] *See generally id.*

The Complaint lacks detail. In the "Facts" section, the Complaint states only: "[m]y employer abruptly terminated my employment [and] undermined my grievances. The reality in entitle (sic) case that 'the supreme laws of the land' and the basic rights too. I will take my 5th and 6th Amendments." *Id.* at 3. However, it becomes clear that the Complaint is about the 1986 Case and 1987 Case when, in response to the complaint form's prompt seeking the date and time of the events giving rise to the claims, the Complaint references the 1986 Case and 1987 Case and related appeals. *Id.* The Complaint further states that the events giving rise to the claims occurred in 1985 and 1986. *Id.* The Complaint seeks the following relief: the "[r]ight amount" for the 1986 Case, "punitive damages," and to "stop the abuse right now please." *Id.* at 4.

The Complaint alleges that Jalil suffered the following injuries: "harm, emotional damages, emotional distress, mental anguish, [and] mental suffering." *Id.* The Complaint explains that Jalil "had to go to . . . [the] hospital because [he] was loosing (sic) [his] balance[] for (sic) all this shameful[] deceptive acts and abuse in this case." *Id.*

Cohen, Garland, Avdel, and USAG move to dismiss the Complaint. Cohen Mot., Garland Mot., Avdel Mot., USAG Mot. Jalil submitted various responsive papers that the Court construes as opposing the Cohen, Garland, and Avdel's motions. D.E.s 20, 27, 28. Avdel and Garland reply. D.E.s 23 ("Avdel Reply"); 29 ("Garland Reply"). Jalil does not oppose USAG's motion.

---

[6] Although facts suggesting a legal malpractice claim do not appear within the Complaint, Jalil's choice to sue his former attorneys may be an attempt to assert a legal malpractice claim. *See, e.g.*, D.E. 28 at 1 (describing Cohen as Jalil's former attorney); *supra*, n.4.

4

## II. LEGAL STANDARD

Rule 12(b)(6) permits the dismissal of a case for failure to state a claim. In reviewing a motion to dismiss for failure to state a claim, the reviewing court accepts all well-pled facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Because Plaintiff proceeds *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## III. ANALYSIS

The movants assert many grounds for dismissal. Cohen argues (1) the Complaint fails to satisfy the notice pleading standard in Fed. R. Civ. P. 8 and (2) the facts alleged are insufficient to allege causes of action under Fed. R. Civ. 12(b)(6). Cohen Mot. Garland argues (1) the Complaint

5

does not allege sufficient facts to state any cause of action; (2) the Complaint is time-barred; and (3) the Complaint is barred by the doctrine of *res judicata*. Garland Mot. Avdel joins in Garland's arguments and further argues that amendment would be futile. Avdel Mot. And the USAG argues (1) the Complaint contains insufficient factual allegations to state a cause of action against the USAG; (2) the complaints are time-barred; and (3) Plaintiff has not established a waiver of sovereign immunity. USAG Mot. However, the Court need only find that all possible claims have long been time-barred to dismiss with prejudice. *See Berk v. Hollingsworth*, Civ. No. 17-91, 2019 WL 6696288, at *2 (D.N.J. Dec. 9, 2019) ("Adding to the futility of permitting the proposed amended complaint to proceed is the fact that many of the alleged claims are barred by the statute of limitations . . . ."). [7] Notably, Jalil does not address the timeliness of his Complaint in any of his submissions. D.E.s 20, 27, 28.

With respect to the USAG, there is a six-year statute of limitations allowed for claims against the United States. 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."). [8] Therefore, even assuming the latest claims against USAG arose on February 28, 2005, the date that the Supreme Court considered Jalil's appeal of the 2002 Case as "closed," the claims against the USAG have been time-barred since at least February 28, 2011.

---

[7] The Court agrees with movants that the Complaint does not allege sufficient facts to state any of the potential causes of action the Complaint attempts to state, and it may even be so insufficient as to fail to pass muster under Rule 8. However, permitting Jalil to amend the Complaint to add additional factual detail would be futile. Although the claim is light on detail, it clearly alleges harm stemming from events in connection with the 1986 Case and 1987 Case. Even assuming the latest cause of action arose on February 28, 2005, the date that the Supreme Court considered Jalil's appeal of the 2002 Case as "closed," that is still almost 20 years ago. The statutes of limitation for every possible cause of action the Complaint alleges have long since run and no amount of additional facts can change that.

[8] This six-year statute of limitations also applies to constitutional claims. *See Impro Prods. v. Block*, 722 F.2d 845, 851 n.12 (D.C. Cir. 1983).

6

As to the remaining Defendants, each potential cause of action the Complaint attempts to assert has been time-barred for well over a decade. *First*, with respect to the Section 1983 constitutional claims and Section 1985(3) conspiracy claims, state personal-injury torts provide the operative statutes of limitation. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78-79 (3d Cir. 1989). The statute of limitations for personal injury actions in New Jersey is two years. N.J. Stat. Ann. § 2A:14-2. Therefore, even assuming the latest Section 1983 or 1985(3) claims arose on February 28, 2005, when the Supreme Court considered Jalil's appeal of the 2002 Case "closed," these claims have been time-barred since at least February 28, 2007.

*Second*, with respect to Jalil's Title VII claim, there are two statutes of limitations:

> First, a complainant has 180 days from the occurrence of the alleged unlawful employment practice within which to bring a discrimination charge before the EEOC, *see* 42 U.S.C. § 2000e-5(e)(1), or 300 days where there has been cross-filing with a state agency under state law. *See* 42 U.S.C. § 2000e-5(e)(1). Second, a complainant has 90 days from receipt of the right-to-sue letter to bring an action in court. *See* 42 U.S.C. § 2000e–5(f)(1) . . . .

*Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 472 (3d Cir. 2001). Jalil alleges that the EEOC issued right-to-sue letters in connection with both the 1986 Case and 1987 Case. According to Jalil, the right-to-sue letter in connection with the 1986 Case was received on October 17, 1985. 1986 Complaint at 2. The right-to sue-letter in the 1987 Case was received prior to the filing of the case on November 5, 1987. *See* 1987 Complaint (attaching right-to-sue letter). Therefore, Jalil's Title VII claims have been time-barred since at least February 3, 1988.

*Third*, with respect to Jalil's claim for employment discrimination under N.J. Stat. Ann. § 10:5-12, all such New Jersey Law Against Discrimination causes of action are subject to a two-year statute of limitation. *See Montells v. Haynes*, 133 N.J. 282, 292 (1993). However, *Montells*

only applied prospectively to claims accruing after July 27, 1993. *See id.* at 286; *Poveromo-Spring v. Exxon Corp.*, 968 F. Supp. 219, 224-25 (D.N.J. 1997). Thus, for claims accruing before July 27, 1993, either a two-year or a six-year statute of limitations period applies. *See Poveromo-Spring*, 968 F. Supp. at 225. Assuming a six-year statute of limitations applied and Jalil's claim accrued on July 26, 1993, his New Jersey discrimination claim would have been time-barred since July 26, 1999. Even assuming his claim accrued on February 28, 2005, the date that the Supreme Court considered Jalil's appeal of the 2002 Case as "closed," and long-after the employment related allegations at issue, Jalil's New Jersey discrimination claim would have been time-barred since February 28, 2007.

*Finally*, with respect to Jalil's legal malpractice claim, the statute of limitations is six years. *See* N.J. Stat. Ann. § 2A:14-1; *Vastano v. Algeier*, 178 N.J. 230, 236 (2003); *Alcman Servs. Corp. v. Bullock*, 925 F. Supp. 252, 259 n.4 (D.N.J. 1996). Therefore, Jalil's legal malpractice claim has been time-barred since at least February 28, 2011.

## IV.     CONCLUSION

For the foregoing reasons, the Court will **GRANT** the motions to dismiss and **DISMISS** the Complaint *with prejudice*.[9] Jalil's motion for summary judgment will be **DENIED** as moot. An appropriate Order accompanies this Opinion.

Dated: November 14, 2024

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

---

[9] Because the primary ground for dismissal is timeliness, amendment is futile. *See Phillips*, 515 F.3d at 236 ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.") (citation omitted); *Berk*, 2019 WL 6696288, at *2. Moreover, this ground applies to all Defendants, even those who did not appear and move to dismiss. Therefore, the Complaint will be dismissed as to all Defendants.