<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICARDO JALIL,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY ATTORNEY GENERAL, *et al.*,<br><br>    Defendants. | No. 24cv1055 (EP) (LDW)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Ricardo Jalil ("Plaintiff" or "Jalil") brought this civil rights case relating to employment litigation which Jalil commenced in December 1986. D.E. 1 ("Complaint" or "Compl."). Jalil named a series of Defendants: "State of New Jersey Attorney G[eneral]," "U.S. Attorney General" ("USAG"), "Avdel Corp." ("Avdel"), "Department of Labor and John Storchaj (A.A.A.)," "State of N.J. Unemployment & Susan Gibson," "Grotta, Glassman, & H[offman, P.A.]," "Arnold S. Cohen" ("Cohen") and "David W. Garland (P.A.)" ("Garland") (collectively "Defendants"). Cohen, Garland, Avdel, and USAG moved to dismiss the Complaint. D.E.s 11, 15, 16, 38. On November 14, 2024, the Court dismissed the Complaint *with prejudice* as time barred. D.E. 42 ("Opinion").

On January 2, 2025, Jalil filed a "Motion for Leave to File a Curative Amendment" D.E. 44. On January 8, 2025, Jalil filed a letter titled "Petition for Sanctions Pursuant to 28 U.S.C. § 1927" which included a "petition for reconsideration." D.E. 46 (together with D.E. 44, the "Motions"). Taken together, the Court construes the Motions as seeking reconsideration of this Court's prior decision dismissing this matter *with prejudice*, Opinion, as well as seeking sanctions

pursuant to 28 U.S.C. § 1927. The Defendants oppose both Motions. D.E.s 47, 53, 54, 55 (together the "Oppositions").

The Court has reviewed the Motions, Oppositions, and all other relevant items on the docket, and decides the Motions without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78(b). For the following reasons, the Court will **DENY** the Motions.

I.   **BACKGROUND**[1]

This case traces back to December 1986, when Jalil filed the first of two *pro se* employment discrimination complaints in this District. *Jalil v. Avdel Corp.*, No. 86cv4878 (D.N.J. 1986) (the "1986 Case"). Judge Debevoise granted Avdel's motion for summary judgment in the 1986 Case and dismissed the case. D.E. 15-2-3 ("Garland Cert"), Ex. B ("1986 Summary Judgment Opinion"). Jalil appealed. *Id.*, Ex. C.

In November 1987, Jalil filed a second *pro se* employment discrimination case in this District asserting the same Title VII claim. *Jalil v. Avdel Corp.*, No. 87cv4457 (D.N.J. 1987) (the "1987 Case"); Garland Cert., Ex. D ("1987 Complaint"). Avdel moved for summary judgment based on *res judicata* and Judge Ackerman granted the motion and dismissed the case. Garland Cert., Ex. E. Jalil appealed again. *Id.*, Ex. G. The Third Circuit consolidated both appeals. *Id.*[2]

In February 1989, the Third Circuit reversed the summary judgment granted in favor of Avdel on the retaliation claim in the 1986 Case and remanded the case back to the District Court.

---

[1] The Court assumes familiarity with the facts of this case and briefly summarizes the pertinent facts here. A full factual background can be found in the Court's prior Opinion.

[2] On March 31, 1988, before the appeals were consolidated, the Third Circuit appointed Douglas S. Eakeley, Esq. of Riker Danzig to represent Plaintiff on appeal of the 1986 Case. *Id.*, Ex. F. The Complaint does not state Garland's role but, according to Garland, he was an associate at Riker Danzig at the time and was assigned to work on the appeals. Garland Cert. ¶¶ 6, 9.

*Id.*, Ex. H.  The Third Circuit also vacated the summary judgment in the 1987 Case.  *Id.*[3]  Avdel prevailed at a bench trial in the 1986 Case and, on October 4, 1991, Judge Debevoise ordered that final judgment on all of Jalil's claims in that case be entered on behalf of Avdel.  *Id.*, Ex. K.

In September 2002, Jalil filed yet another *pro se* Complaint titled "Petition Justifying Relief" alleging a conspiracy to deprive him of his civil rights arising out of the 1986 Case.  *Jalil v. Avdel Corp. et al.*, No. 02cv4285 (D.N.J. 2002) (the "2002 Case"); Garland Cert., Ex. Q.  On January 22, 2003, the Court granted a motion to dismiss filed by Riker Danzig and Garland. Garland Cert., Ex. R.  Jalil exhausted his appellate rights when the Supreme Court denied Jalil's motion to proceed *in forma pauperis* and closed the case as of April 21, 2005.  *Id.*, Ex. V.

Approximately 20 years later, on February 20, 2024, Jalil filed the instant matter again alleging civil rights violations stemming from the 1986 Case and 1987 Case and the related appeals.  *See generally* Compl.  The Complaint alleges that Jalil suffered the following injuries: "harm, emotional damages, emotional distress, mental anguish, [and] mental suffering."  *Id.* at 4. The Complaint explains that Jalil "had to go to . . . [the] hospital because [he] was loosing (sic) [his] balance[] for (sic) all this shameful[] deceptive acts and abuse in this case."  *Id.*

On November 14, 2024, the Court dismissed the Complaint *with prejudice* as time barred. Opinion.  Jalil now asks the Court to reconsider that ruling by allowing Jalil to file an amended complaint and continue this litigation, and to award sanctions under 28 U.S.C. § 1927.  Motions.

## II.     LEGAL STANDARDS

### A.     Reconsideration

Motions for reconsideration are not expressly authorized by the Federal Rules of Civil Procedure.  However, this District permits such motions under Local Civil Rule 7.1(i) as "an

---

[3] A review of the 1987 Case docket appears to show that no further action was taken to prosecute the case following the Third Circuit's remand.  *See generally* 1987 Case.

3

extraordinary remedy that is [to be] granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (cleaned up). "Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (citation omitted).

However, reconsideration motions "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry" of the initial decision. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) requires a party to "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *See also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term[.]"); *Kraft v. Wells Fargo & Co.*, No. 16-5729, 2018 WL 1522733, at *2 (D.N.J. Mar. 28, 2018) (citing L. Civ. R. 7.1(i)) (noting that if a party claims something was "overlooked," it must be related to "some dispositive factual or legal matter"). Finally, mere disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

**B.      Sanctions Under 28 U.S.C. § 1927**

28 U.S.C. § 1927 states that "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

4

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

To impose sanctions pursuant to Section 1927, a court must find that an attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional conduct." *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 278 F.3d 175, 188 (3d Cir. 2002).

## III.    ANALYSIS

*First*, Jalil does not provide any basis for the Court to reconsider its prior Opinion and allow this case to continue by allowing Jalil to file an amended complaint. Nowhere in the Motions does Jalil reference an intervening change in the controlling law or the availability of new evidence that was not available when the court issued its order. *See Johnson*, 50 F. App'x at 560. Jalil merely repeats his argument that his rights were violated. However, Jalil had the opportunity to litigate such issues back in the 1990s and early 2000s and did so, all the way up to the Supreme Court. Jalil's efforts to relitigate these issues now, 20 years later, is not permitted by law and there is no legal error or manifest injustice in enforcing the statutes of limitations in this case to bar Jalil's claims.[4] *See id.* Furthermore, no amended complaint could cure such a fundamental flaw. Jalil's disagreement with the Court's decision is not a basis for reconsideration. *See Compaction Sys. Corp.*, 88 F. Supp. 2d at 345.

*Second*, the Court finds no basis for sanctions under 28 U.S.C. § 1927. Jalil's litigation concerning the 1986 Case and 1987 Case terminated in April 2005 when the Supreme Court closed his appeal. Garland Cert., Ex. R. Jalil inexplicitly now, approximately 20 years later, seeks to

---

[4] Jalil does not even mention the statute of limitations which were the bases for the Court's Opinion. Motion.

5

relitigate issues decided long ago.  Compl.  Since then, the parties have diligently litigated this action leading to its dismissal *with prejudice* on November 14, 2024 as long-since time barred.  Opinion.  Therefore, none of the factors required to award sanctions under Section 1927 are met.

IV.     **CONCLUSION**

For the foregoing reasons, **IT IS**, on this **9th** day of April 2025,

**ORDERED** that Jalil's Motions, D.E.s 44, 46, are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Order to Plaintiff.

Dated: April 9, 2025

_____
Evelyn Padin, U.S.D.J.

6